IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PHILLIP KEMPER,

    Plaintiff,

v.                                          Case No. 1:25-cv-02491-MSN-jay
                                               JURY DEMAND

CITY OF JACKSON, TENNESSEE, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S RULE 57
MOTION FOR DECLARATORY JUDGMENT**

Before the Court is Plaintiff's Rule 57 Motion for Declaratory Judgment (ECF No. 17, "Motion"). Defendants City of Jackson, Tennessee, and Thom Corley have filed a response in opposition (ECF No. 24.) For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

This case arises from Plaintiff's termination by the City of Jackson, which occurred after Plaintiff had previously filed suit against the City alleging constructive discharge. The termination took place just days before the trial was scheduled to commence in the prior litigation.

Plaintiff filed suit in Case No. 1:22-cv-02689-MSN-jay ("*Kemper 1*"), alleging due process, equal protection, and whistleblower claims against the City of Jackson.[1] (ECF No. 1.) In that case, the Court entered an Order on Cross-Motions for Summary Judgment (ECF No. 74), and

---

[1] There is currently a pending motion to consolidate the two cases. (ECF No. 17.)

the due process and equal protection claims survived summary judgment. The due process violations, in that case, alleged constructive discharge.

After the Court ruled that the prior matter would continue to trial, the City of Jackson moved to continue the trial, alleging a forthcoming lawsuit. (ECF No. 83.) At the pre-trial conference (ECF No. 85), it was brought to the Court's attention that the City of Jackson, days before trial, had initiated the process to terminate Plaintiff. The Court denied the Motion. (ECF No 89.) Finding it was of an "untimely nature and lack[ed] relevance to the issues properly before the Court." (*Id.*) Three days later and one week before trial, the City of Jackson filed a Second Motion to Continue (ECF No. 90), citing the health issues of defense counsel. The Court held a status conference by telephone. (ECF No. 92.) Plaintiff did not oppose the continuance based on defense counsel's health issues, and the Court granted the motion. (*Id.*)

Ultimately, the City of Jackson terminated Plaintiff, and he filed the current case (*"Kemper 2"*) on May 5, 2025, asserting violations of his due process rights based on actual termination. (ECF No. 1.) Before Defendant Corley was served or Defendant City of Jackson responded to the Complaint, Plaintiff filed the instant motion for declaratory judgment on May 28, 2025. (*See* ECF No. 17.)

## DISCUSSION AND CONCLUSION

The Court finds that Plaintiff's Motion is procedurally deficient and exceeds the scope of the Declaratory Judgment Act.

First, Plaintiff has not requested declaratory relief in his Complaint. Nowhere in the Complaint does Plaintiff assert that he is seeking declaratory relief or use the terms "Declaratory judgment" or declaratory." Additionally, while the Motion asks the Court to issue a declaratory judgment that Plaintiff's due process rights were violated, it does not specify what relief is

requested. Consequently, Plaintiff's request for declaratory judgment is beyond the scope of his Complaint and must be denied.

Second, as Defendants point out, Plaintiff's Motion is tantamount to a motion for summary judgment because he seeks a ruling that the City of Jackson violated his due process rights—an ultimate issue in this case. As the party effectively moving for summary judgment, Plaintiff bears the burden "of showing that the motion satisfied the standard for obtaining summary judgment." *Nanologix, Inc. v. Novak*, No. 4:13-cv-1000, 2016 U.S. Dist. LEXIS 39478, at *22 (N.D. Ohio Mar. 25, 2016) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 32 (1986). Plaintiff has failed to meet this burden because he has not provided a statement of undisputed material facts with citations to specific evidence as required by Fed. R. Civ. P. 56(a) and (c) and Local Rule 56.1. The Court finds that Plaintiff's Motion is not adequately supported as required by Rule 56 and must be denied.

Third, Plaintiff's request exceeds the scope of the Declaratory Judgment Act, 28 U.S.C. § 2201. The Act provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). This Court has discretion on whether to consider a declaratory judgment action. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952)). Here, Plaintiff seeks more relief than a mere declaration of rights between him and the City of Jackson. Plaintiff seeks a finding of liability on his due process claim and requests to be "immediately reinstate[d]… to the position of Major with the Jackson Police Department" along with an award of compensatory damages. (ECF No 1 at PageID 9–10.) Because Plaintiff seeks relief beyond a mere declaration of rights, his request exceeds the scope of the Declaratory Judgment Act and must be denied.

Accordingly, Plaintiff's Motion (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED**, this 6th day of June 2025.

> *s/ Mark S. Norris*
> MARK S. NORRIS
> UNITED STATES DISTRICT JUDGE